UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC. and CONGREGACIÓN CRISTIANA DE LOS TESTIGOS DE JEHOVÁ DE PUERTO RICO, INC.<br><br>**Plaintiffs,**<br><br>V.<br><br>ROBERTO SÁNCHEZ RAMOS, in his official capacity as SECRETARY OF JUSTICE, *et al.*<br><br>**Defendants** | CIVIL NO**. 04-1452 (JP)**<br><br>RE:<br><br>**PERMANENT INJUNCTION** |

**MOTION JOINING CODEFENDANT
ASOCIACION DE PROPIETARIOS PARQUE FORESTAL'S
MOTION FOR RECONSIDERATION**

**TO THE HONORABLE COURT:**

**COME NOW** Codefendants **Asociación de Residentes de Garden Hills Sur, Inc. (hereinafter "GHS"), Paseo Mayor Homeowners Association, Inc. (hereinafter "Paseo Mayor"), Unión de Asociaciones Recreativas de las Urbanizaciones San Francisco, Santa María, Ext. Santa María y San Ignacio, Inc. (hereinafter "UNDARE") and Asociación Comunidad Valles del Lago, Inc. (hereinafter "Valles del Lago"),** through their undersigned attorneys, and, very respectfully STATE AND PRAY as follows:



1.      On May 22, 2008, Codefendant Asociación de Propietarios Parque Forestal, Inc. ("Parque Forestal") filed *Motion for Reconsideration of Dkt. 418* (Docket # 434).  In essence, Parque Forestal alleges that no case or controversy would exist in the above captioned matter once unfettered access is given by Parque Forestal to Plaintiffs, subject to be found in contempt of an order from this Honorable Court if access was not allowed.

2.      The possibility of such an Order allowing for the dismissal of the Complaint as to any party willing to give unfettered access to Plaintiffs became a reality on April 3, 2008, when this Court ordered appearing Codefendants to inform if said unfettered access would be approved or rejected by appearing codefendants.  In compliance with the above referenced April 3, 2008 Order, on April 30, 2008 (Docket #403), appearing Codefendants requested that this Honorable Court take notice that the proposed order **had been fully accepted as drafted.** Notwithstanding appearing Codefendants' actions and resources destined to comply with said order, this Honorable Court denied the motion if May 14, 2008 (Docket #418).

3.      Appearing Codefendants completely agree and join arguments brought forth by Parque Forestal in its *Motion for Reconsideration*.  If Plaintiffs' main prayer in this litigation is to be allowed to spread their beliefs in each of the communities in a door to door fashion, immediate unfettered access, without further incurring in additional costs, fees and resources, would put a definite end to any case or controversy pending before this Honorable Court.  Clearly, the record

shows that unfettered access is not enough for Plaintiffs, even though it is the remedy sought by them, causing Codefendants to litigate this action to the edge of oppressiveness.

4.   Plaintiffs' conduct warrants that this Court consider the eventual effect caused upon Codefendants in a manner analogous to an offer of Judgment pursuant to Fed.R.Civ.P. 68, which in the relevant part reads:  "(a)...a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued....(d) If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made".

5.   This Honorable Court can take judicial notice of Plaintiffs' refusal to accept unfettered access, without Codefendants having accepting the allegations, as an alternative to put an end to this litigation (see Dockets #404 & 425). "Unlike an ordinary contract offer, 'a Rule 68 offer imposes certain consequences that can be costly for the plaintiff who declines the offer.' ". *Fafel v. DiPaola*, 399 F.3d 403, 414 (1st Cir., 2005) citing *Webb v. James*, 147 F.3d 617, 621 (7th Cir., 1998).

6.   The specified terms or effect of appearing Codefendant's offer are clear and simple:  unfettered access be allowed to Plaintiffs, without the need to accept allegations, as previously ordered and suggested by this Honorable Court. An enforceable judgment would be entered accordingly, without the need to further litigate the issue.  Plaintiffs' rejection of this proposal must entail consequences

similar to those established on Rule 68(d), which requires from a nonaccepting party the costs and attorney fees.

    7.    In light of the above, appearing Codefendants request from this Court to take notice of the above and allow them to join to Parque Forestal's *Motion for Reconsideration.*

**WHEREFORE**, appearing Codefendants respectfully request from this Honorable to take notice of the above and allow the joinder herein requested.

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, this 23rd day of May, 2008.

**I HEREBY CERTIFY THAT** the undersigned electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn will notify of said filing to which will send notification of such filing to all counsel of record.

        **DE LA CRUZ SKERRETT LAW OFFICE, PSC**
        Attorneys for Codefendants
        *GHS, Paseo Mayor, UNDARE and Valles del Lago*
        Centro Internacional de Mercadeo, Torre II
        Suite 507
        Guaynabo, PR 00968
        Tel: (787) 641-1717
        Fax: (787) 641-2444

By:

        **s/JOSÉ E. DE LA CRUZ SKERRETT**
        USDC-PR Attorney 118808
        jeds@dlcslaw.com

        **s/RAFAEL G. RIVERA-ROSARIO**
        USDC/PR Attorney No: 215808
        rrivera@dlcslaw.com

285.007