IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WATCHTOWER BIBLE TRACT SOCIETY OF NEW YORK, INC., et al., <br><br> Plaintiffs <br><br> v. <br><br> HON. ANNABELLE RODRIGUEZ, et al., <br><br> Defendants | CIVIL NO. 04-1452 (JP) |

**DEFAULT JUDGMENT**

 Before the Court are Plaintiffs Watchtower Bible Tract Society of New York, Inc. and Congregación Cristiana de los Testigos de Jehová de Puerto Rico, Inc.'s motions (Nos. 441, 442) for default judgment against the following Defendants: (1) Municipality of Santa Isabel, (2) Municipality of Vega Baja, and (3) Municipality of Yauco (collectively, the "Defendant Municipalities"); and (1) Ciudad Interamericana de Bayamón, Inc., (2) Ciudad Interamericana, Inc., (3) El Monte de Ponce, P.R., Inc., (4) Estancias de Tortuguero, Inc., (5) Estancias de Yauco, Inc., (6) Bairoa Golden Gate #2, Inc., (7) Hacienda Borinquen, Inc., (8) Hacienda Concordia, Inc., (9) Mansión del Sur, Inc., (10) Panorama Homeowners Association, Inc., (11) Prado Alto en Torrimar, Inc., (12) Santa Clara, Inc., and (13) Vereda del Río, Inc. (collectively, the "Defendant Urbanizations").

CIVIL NO. 04-1452 (JP)          -2-

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk of the Court entered default against the Defendant Municipalities on January 8, 2008 (Nos. 230, 231, 232, 352).[1] Pursuant thereto, the Court **GRANTS** Plaintiffs' motions (**Nos. 441 and 442**), and hereby **ENTERS JUDGMENT** for Plaintiffs and against the above-named Defendants as follows.

As to the Defendant Municipalities, the Court enters Judgment as follows:

1. Said Defendants have **ADMITTED** the allegations of Plaintiffs' amended complaint.

2. Said Defendants are **ORDERED** to grant Plaintiffs unfettered access to all urbanizations in its jurisdiction with controlled access pursuant to Laws 21 and 22. Said access shall not be restricted by the urbanization guard, but each individual resident shall have the right to refuse entry of Plaintiffs into his or her individual home.

3. Failure by said Defendants to comply with the terms of this Judgment will be grounds for contempt.

---

1. The Clerk of the Court first entered default against the Municipality of Yauco on January 8, 2008 (No. 232). Thereafter, on January 29, 2008, the Municipality of Yauco filed a motion for an extension to answer or otherwise plead (No. 252). The Court granted in part and denied in part said motion, granting said Defendant until February 15, 2008, to answer (No. 254). The Court also held that Plaintiffs may move for entry of default for noncompliance (No. 254). Plaintiffs filed a supplemental motion for entry of default as to the Municipality of Yauco on March 3, 2008 (No. 309). The Clerk of the Court again entered default against said Defendant on March 25, 2008 (No. 352).

CIVIL NO. 04-1452 (JP)          -3-

As to the Defendant Urbanizations, the Court enters Judgment as follows:

1. Said Defendants have **ADMITTED** the allegations of Plaintiffs' amended complaint.
2. Said Defendants are **ORDERED** to grant Plaintiffs unfettered access to their urbanizations. Said access shall not be restricted by the urbanization guard, but each individual resident shall have the right to refuse entry of Plaintiffs into his or her individual home.
3. Failure by said Defendants to comply with the terms of this Judgment will be grounds for contempt.

The Court further **HOLDS** that consideration of attorney's fees will be stayed until completion of the trial against the remaining Defendants.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of June, 2008.

                                                s/Jaime Pieras, Jr.
                                                  JAIME PIERAS, JR.
                                       U.S. SENIOR DISTRICT JUDGE