IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> GUILLERMO SOMOSA COLOMBANI, IN HIS OFFICIAL CAPACITY AS SECRETARY OF JUSTICE, ET AL., <br><br> Defendants. | Civil No.:  04-1452 (JP) |

### DECLARATION BY NORA VARGAS ACOSTA FOR FEE APPLICATION

I, **NORA VARGAS ACOSTA** , do hereby attest  and affirm:

1.  I am an attorney of record for plaintiffs in the above entitled action.

2.  I was duly admitted to practice before the Supreme Court of the Commonwealth of Puerto Rico in 1983. I was duly admitted to practice before the U.S. District Court for the District of Puerto Rico in 1984 and have in fact been actively practicing before this court since 1984. My practice consists primarily of civil rights litigation in the areas of discrimination  laws ADA, Title VII, in both employment and public accommodation fair housing and first amendment.   I have been an attorney for twenty seven (27) years.

3.  I obtained my undergraduate degree from the State University of New York at Albany in 1975. I obtained my Juris Doctor in 1983, from the Interamerican School of Law, San Juan, Puerto Rico, where I served as editor in chief of the law review.  Soon after I obtained my J.D. degree I was awarded one of the Reginald Heber Smith fellowships, a training fellowship for attorneys in the areas of civil rights and poverty law.

4.  In addition to being admitted to practice before the Supreme Court of the Commonwealth of Puerto Rico, in 1983 and to the U.S. District Court for the District of Puerto Rico, in 1984, I am admitted to practice before the following courts: U.S. Court of Appeals for the First Circuit,

1984; U.S. Court of Appeals for the Federal Circuit, 1992; and the U.S. Supreme Court 1992. I have appeared in numerous cases before the U.S. Court of Appeals for the Fist Circuit in civil rights cases including discrimination in employment and public accommodation, first amendment claims and Fair Housing Act . Among these are H.A.V.E.D. Inc. v. Suarez Medina 36 F.3d 177 (1st Cir. 1994); Casa Marie Inc.v  Superiror Court of P.R. , 988 F.2d 252 (1st Cir. 1993)   Bercovitch et al. v. Baildwin School Inc., 133 F.3d 141 (1st Cir. 1998); Asociación de Periodistas de Puerto Rico et al. v. Mueller, 529 F.3d 52 (1st Cir. 2008); MMRZ v. Commonwealth of Puerto Rico, 528 F3d 9 (1st  Cir. 2008).

5.  Upon graduating from law school I went to work at the Instituto Puertorriqueño de Derechos Civiles ( Puerto Rico Civil Rights Institute) where I worked on discrimination and police abuse cases. I then went on to work at the Law School of the Interamerican University, Legal Aide Clinic,  where I litigated poverty law issues as well as discrimination and other civil rights cases. While at the Legal Aide Clinic I supervised third year law students in the clinic course and taught a litigation theory course.

6.       In 1987, I began in private practice where I continue to litigate civil rights cases in both U.S. federal Courts and in Puerto Rico courts. I cofounded a civil rights project to promote and protect the rights of people living with HIV and /or AIDS ( Sabana Litigation and AIDS Civil Rights Project) where I was involved in litigating two mayor discrimination cases in Federal Court and in Puerto Rico Superior Court which favorably impacted the state of the law for those living with HIV and persons with disabilities.

7.      While in private practice I have continued to be associated with the academia, having initiated a civil rights clinic at the University of Puerto Rico School of Law, Legal Assistance Clinic. At the present time I am associate professor at the University of Puerto Rico Law School, where I teach discrimination based on sexual orientation and gender, where I supervise third year law students litigating and providing legal counseling in this area of law.

8.      I am a founding member of the American Civil Liberties Union, Puerto Rico Chapter and a board member as well.   I served for several years as a board member of the Instituto Puertorriqueño de Derechos Civiles in the early 1990's.  Throughout my career I have  served on a number of boards and commissions related to civil rights. For several years I was a member of the Womens Rights Commission of the Puerto Rico Bar Association ( later known as the

2

Comisión por la Igualdad) and presided the Commission on Human Rights and Constitutional Rights of the Puerto Rico Bar Association

9.      I have lectured and provided continuing education training on different civil rights and civil liberties laws to professional organizations and special interest groups.

10.     I have co-litigated and continue to co-litigate civil rights cases with the American Civil Liberties Union and the Center for Reproductive Rights, both in federal and Puerto Rico courts. I was one of a team of attorneys recruited by the "Educación Sin Barreras", a non profit organization, to work on a special education class action suit before the Puerto Rico Superior Court which has impacted the special education services offered to children with disabilities by the Department of Education of the Commonwealth of Puerto Rico. I have represented plaintiffs in a case before the Supreme Court of the Commonwealth of Puerto Rico challenging the Constitutionality of Article 103 of the Penal Code of Puerto Rico under the Privacy (Intimacy ) clause of the Puerto Rico Constitution.  I have also co-litigated cases with attorneys Charles Hey Maestre  Counsel Hey Maestre is among the plaintiff civil rights attorneys with recognized experience and skills within the small community of civil rights attorneys in Puerto Rico.

11.     I have been actively litigating civil rights cases for close to twenty seven years . I am aware of the market value of the services of attorneys such as Charles Hey Maestre and Judith Berkan who are part of a small community of civil rights plaintiffs attorneys in Puerto Rico. In 2006, I was awarded attorney fees by the U. S. District Court for the District of Puerto Rico in a case where I represented a plaintiff in a claim under the American with Disabilities Act ( Arrieta v. Walmart ) for worked performed through the year 2004, that is over seven years ago. The fees awarded back then were $225. per hour in court and $175 per hour out of court, where the court found the case to be overstaffed.

12.      I have researched the rates being charged by counsel of comparable experience, training and nature of litigation.  For instance, Attorney John Nevares who has comparable years in the profession (he began practicing law in 1981, while I began in 1984 ), in 2008, was awarded a rate of $265. per hour out of court time, and a rate of $286. per hour for in court time in a political discrimination case ( <u>Sueiro Vazquez v. Torregrosa,</u> 534 F. Supp. 2nd 261 (2008)). <u>Ginorio v. Contreras</u>, 603 F.Supp 2d 301,(2009), the court awarded the rate of 215.per hour for out of court time to an attorney who began working in 1997, that is an attorney with <u>14 years less</u> experience than appearing counsel.  Attorney Joan S Peters an attorney who graduated law

school in 1986, with at least three years less experience than appearing attorney was awarded $250. per hour rate in court and $235. for out of court. While Attorney Eliezer Aldarondo, who began practicing in 1977, that is 14 years prior to this attorney, was awarded in 2006,over five years ago the rate of $300. for in court time and $275.out of court. (See: Reyes Cañada v. Rey Hernandez, 411F.Supp 2d 53,56 (DPR 2006)).

13.  While I was litigating the present case I was solo practitioner, I paid a mortgage and incurred in significant office expenses.

14.  I keep accurate and contemporaneous records of the time I dedicate to the cases, indicating the date, time spent on the task and the nature of the task performed. I include a copy of my time keeping report in this case with this application .

15.  I am aware of the rates being requested in this case, and believe that the rates reflect the fair market value of the services of attorneys for plaintiffs in this case. The rates that I am charging in this case are well within the prevailing rates for the type of case and for attorneys of comparable years of service and competencies The amount I am requesting in attorney fees is as follows:

Rate:
**Out of court hours at $285.00 x 149 Hours = $42,465 .00**

**In court hours at $325.00 x    0        Hours** = (no hours are being charged for in court time )
**Grand Total: $ 42,465.00**

I hereby attest that the foregoing is true under penalty of perjury pursuant to the provisions of 28 U.S.C. sec. 1746, this 25th day of April 2011.

**S/ NORA VARGAS ACOSTA**