IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., ET AL., <br><br>　　　　Plaintiffs, <br><br>v. <br><br>GUILLERMO SOMOZA COLOMBANI, IN HIS OFFICIAL CAPACITY AS SECRETARY OF JUSTICE, ET AL., <br><br>　　　　Defendants. | Civil No.: 04-1452 (JP) |

---

**DECLARATION UNDER PENALTY OF PERJURY
IN SUPPORT OF APPLICATION FOR ATTORNEYS FEES**

I, Judith Berkan, do hereby depose and affirm:

1. I have been an attorney for close to 37 years. I graduated from Harvard Law School with a J.D. degree in 1974, and from Yale University with a B.A. degree, Magna Cum Laude, Phi Beta Kappa, in 1971.

2. I am admitted to practice in the following courts: Connecticut State Courts, 1974; U.S. District Court for the District of Connecticut, 1974; U.S. Circuit Court of Appeals for the Second Circuit, 1976; Supreme Court of Puerto Rico, 1980; U.S. Court of Appeals for the First Circuit, 1980; U.S. District Court for the District of Puerto Rico, 1983; Supreme Court of the United States, 1998.

3. I have been working consistently in the area of civil rights since my graduation from law school in 1974. In June of 1974, I began working at New Haven Legal Assistance, litigating individual cases and class actions on matters affecting impoverished citizens. I began this legal

Exhibit Q

work even before I actually was sworn in as an attorney later that year. While at New Haven Legal Assistance between 1974 and 1976, I worked on two major civil rights class actions - both concerning discrimination against Puerto Ricans in state benefits (welfare and driver's licenses). I litigated in both state and federal courts. I continued similar work thereafter in the state of Connecticut, both in private practice and in the Puerto Rican Center for Justice, a civil rights organization in Hartford, Connecticut, sponsored by the Catholic Church in that community.

4. I moved to Puerto Rico in late 1977. In the almost thirty years I have lived in Puerto Rico, I have combined academics and litigation, with a heavy emphasis on civil rights litigation.

5. Over the years, I have been awarded attorneys fees in a number of cases. For example, in 1991, in <u>Lipsett v. UPR</u>, I was awarded $175 per hour for out-of-court work and $200 per hour for in-court work. Although the award was given in 1991, it concerned work carried out between 1983 and 1990, when I had between 9 and 16 years of experience. In the case of <u>Kerr v. American Airlines</u>, which went to trial in 1994 (when I had some twenty years of experience), I was awarded hourly rates of $190 for out-of-court work, most of which took place in 1993, and $215 for in-court work. In <u>Rodriguez v. Miranda,</u> which went to trial in 1995, I was awarded $200 for out-of-court work taking place between 1992 and 1995 and $225 for in-court work. In 1997, I was awarded fees of $225 for out-of-court work between 1995 and 1997 and $250 for in-court work in 1997 in the case of <u>Campos v. Rivera.</u> In <u>Libertad v. Sanchez, 134 F.Supp. 2d 218 (2001),</u> Judge Fuste analyzed my previous fee awards and awarded me $230 for out-of-court time $255 for in-court time during 1998 (when I had some 24 years of experience). In 1999, I was awarded $240 per hour for work done several years earlier and $265 for work done that year. <u>Gay Officers Action League v. Commonwealth</u>. In 2000, in the case of <u>Acevedo v. Rivera</u>, I was

awarded $250 for out-of-court work between 1996 and 2000 and $275 for in-court work mostly in the year 2000 (at a time when I had some 26 years of experience).

6. My last fee award was in the case of *Márquez-Marín v. González,* a case before this court presided over by visiting Judge McAuliffe of the district of New Hampshire. In that case, I was awarded $325 per hour for out-of-court time and $350 per hour for in-court time. The work accomplished in that case was during the years 2005 to 2007, when I had some 31 to 33 years of experience.

7. In 2005, Judge Daniel Dominguez of this court qualified me as an expert in the case of *Limpieza Ciudadana v. Gracia-Morales, 359 F.Supp. 2d 38, (D. P.R. 2005),* based on my previous experience, the fact that I had litigated several of the key cases on attorneys fees and because of my close to three decades as a practitioner in civil rights cases in Puerto Rico and before the First Circuit.

8. I have known Nora Vargas-Acosta since she was a student at the Interamerican University School of Law in the early 1980's, when I was a full-time professor at that school. She was an exceptional student, with a firm commitment to civil rights.

9. I have worked with attorney Vargas-Acosta on cases over the years. I am aware of her skills as a litigant in general and as a civil rights attorney in particular.

10. I am familiar with the practice of plaintiffs'-side civil rights litigants in Puerto Rico and know that there are very few attorneys who can claim extensive experience in the field. Atty. Vargas-Acosta is one such attorney.

11. I also know that attorneys for the large law firms with experience similar to that of Ms. Vargas-Acosta in the profession (albeit in different areas of the law) charge in excess of

$300 per hour for their services in this jurisdiction.  I also know that these firms bill for and are paid for the expenses in which they incur in the course of litigation, none of which are customarily paid for by clients represented by myself and by Ms. Vargas-Acosta, due to their financial indigency.

      12. I have reviewed a draft of Ms. Vargas's fee petition and believe her requested hourly rate of $285 per hour to be very reasonable and in line with the market value for her services.  If anything, the requested rate falls below the fair market value for an attorney with close to thirty years of experience, as indicated by the rates I was awarded in the cases cited in paragraphs 6 and 7 above.

      I swear that the foregoing is true, under penalty of perjury, pursuant to the provisions of 28 U.S.C. sec. 1746, this 25th day of April, 2011.

                                          /s/ <u>JUDITH BERKAN</u>
                                          Judith Berkan