IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**WATCHTOWER BIBLE TRACT
SOCIETY OF NEW YORK, INC., et al.,**

   Plaintiffs,

   v.

**MUNICIPALITY OF SANTA ISABEL, et al.,**

   Defendants.

Civil No. 04-1452 (GAG)

## ORDER

On February 7, 2011, the United States Court of Appeals for the First Circuit remanded this case to this Court to assure defendant municipalities ("Municipalities") and urbanizations comply with the law, so that Jehovah's Witnesses are allowed to enter urbanizations to engage in constitutionally protected activity. Watchtower Bible and Tract Soc'y of New York v. Sagardía de Jesús, et al., 634 F.3d 3 (1st Cir. 2011), *rehearing denied*, 638 F.3d 81 (1st Cir. 2011), *cert. denied* 132 S.Ct. 549 (2011). Although the Circuit found the Commonwealth's Controlled Access Law of 1987, as amended, to be constitutional on its face, it nonetheless found the current regime, as applied, to unreasonably infringe on Jehovah's Witnesses' right to access public streets within controlled access urbanizations.

Following the First Circuit's remand order and subsequent denial of certiorari, Senior United States District Judge Jaime Pieras, Jr., to whom the case was assigned, passed away. Thus, the same was recently reassigned to the undersigned District Judge.

On January 31, 2012, the undersigned held arguments as to the remedy, if any, this Court should issue upon remand. The Court notes that all remaining defendants at this juncture are Municipalities, except for two urbanizations that did not appear at the hearing.[1]

---

[1] On June 9, 2008, Judge Pieras entered a default judgment and injunction against three Municipalities and twelve urbanizations. (See Docket No. 455.) Said defendants are not the subject

**Civil No. 04-1452 (GAG)**                                    2

As a threshold matter, Municipal defendants uniformly contend there is no live case and controversy before this Court. The Court disagrees. It is uncontested that in every Municipality there currently exist: (1) controlled access urbanizations with regularly manned gates; and (2) controlled access urbanizations with unmanned gates, where access is through a locked gate or buzzer operated solely by residents.[2] This, in and of itself, gives Jehovah's Witnesses standing to pursue their as-applied claim and belies any argument that there is no live case and controversy. After all, by virtue of the law, it is the Municipalities that approve urbanizations' requests for any type of controlled access within their geographic limits. With this said, the Court shall address the remedies to issue at this time.

To begin with, plaintiffs are not seeking damages for any purported past violations that may be evidenced in the record on the part of any urbanizations. Plaintiffs seek a declaration and order from this Court, mandating defendant Municipalities to ensure that all urbanizations within their jurisdiction are in compliance with the pronouncements of the First Circuit. This relief is undisputably warranted, especially as to the plethora of unmanned access urbanizations.

As the Court expressed during yesterday's arguments, it is not the role of the Court to act as a mega-municipal legislature, nor to micro-manage municipal affairs, so long as defendant Municipalities act within the parameters of the First Amendment. Municipalities, however, must promptly come into compliance with the First Circuit's decision, which is the applicable constitutional standard to be applied. Further, the Court notes –to the benefit of Municipalities– that until the decision of the First Circuit became final, the state of the law was not clearly established. Now that it is, Municipalities must conform to the law on a prospective basis.

Accordingly, this Court, in light of its authority under Article III of the Constitution of the United States and the Declaratory Judgment Act, 28 U.S.C. § 2201, hereby **DECLARES** and **ORDERS** the following:

---

of the present Order.

[2] It is also plausible that certain urbanizations provide manned gates during certain hours of the day.

Civil No. 04-1452 (GAG)                              3

1. In the case of urbanizations that currently provide regularly manned gates, the Municipalities must ensure that all their urbanizations provide entry to Jehovah's Witnesses who disclose their purpose and identity. In order for defendant Municipalities to give the necessary instruction to such urbanizations, <u>a period lasting until April 1, 2012</u> is allowed by the Court. Each Municipality shall certify by said date the actions it has taken in response to this order. Also, Municipal defendants will certify an action plan that is immediately effected to assure that any Jehovah's Witnesses denied access be granted entry promptly, within a reasonable time. For example, a municipal police hotline, or similar solution.

2. In the case of urbanizations that currently do not provide regularly manned gates, the Municipalities should have the leeway to seek innovative solutions. Some urbanizations, for example, may be able to provide guards during daylight hours, while others may only be able to have manned gates for limited periods during designated days. However, access must promptly be provided to Jehovah's Witnesses. Rather than using magistrate judges or facilitators at this time, as suggested by the Circuit, the Court hereby **ORDERS** the Municipalities to present to the Court an action plan as to the various sized urbanizations within this category. Said plan shall be presented to the Court <u>on or before October 1, 2012</u>. No extensions will be allowed.[3] Also, Municipalities shall in this action plan advise how Jehovah's Witnesses who are wrongfully denied access to urbanizations, will be allowed entry within a reasonable response time.

3. From this point forward, in light of Jehovah's Witnesses' First Amendment rights, Municipalities must require a manned guard gate for each urbanization that seeks a controlled access permit, unless the urbanization meets the very heavy burden of

---

[3] Given that finding a solution is a matter common to all Municipal defendants, the Court suggests that all defendants work together in this matter, regardless of any political differences they may have.

special justification.

The above pronouncements of this Court are consonant with the First Circuit's decision. The Court expects all Municipal defendants to, within the allotted time (generic requests for continuances will not be looked upon favorably), comply with this order. Failure to do so shall result in immediate action, which may include sanctions, contempt, and the Court issuing any necessary relief, such as the immediate opening or removal of controlled accesses.

The Court shall retain jurisdiction to enforce its declaratory judgment. 28 U.S.C. § 2202.

The Municipalities subject to this order are the following:

1. Bayamón
2. Caguas
3. Dorado
4. Gurabo
5. Guaynabo
6. Ponce
7. San Juan
8. Trujillo Alto

In addition, the following defendant urbanizations failed to appear at yesterday's hearing:

1. Pacifica Homeowner's Association, Inc.
2. Villa Paz

As of the date of this Order, these two urbanizations must provide immediate access to Jehovah's Witnesses who disclose their purpose and identity.

The Commonwealth of Puerto Rico has been dismissed as a defendant to this action.

**SO ORDERED**.

In San Juan, Puerto Rico this 2nd day of February, 2012.

*S/Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge