EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Watchtower Bible Tract
Society of New York, Inc.

　　　Peticionario

　　　v.                    Núm. CT-2012-010      Certificación

Municipality of Santa Isabel,
et al.

　　　Recurrido

Sala de Verano integrada por el Juez Presidente señor Hernández Denton y los Jueces Asociados señores Martínez Torres y Estrella Martínez

RESOLUCIÓN

San Juan, Puerto Rico, a 7 de septiembre de 2012.

　　　Atendido el recurso de certificación presentado el 28 de junio de 2012 por el Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico, este Tribunal declara no ha lugar la petición de certificación.

　　　El ordenamiento jurídico de Puerto Rico contempla expresamente la implantación de mecanismos de control de acceso operados por medio de un dispositivo o cerradura electrónica. Véase, inciso 12 de la Sec. 5.03 del Reglamento Núm. 3843 del Departamento de Estado, Reglamento de Control de Tránsito y Uso Público de Calles Locales (Reglamento de Planificación Núm. 20), 7 de febrero de 1989.

　　　Respetuosamente concluimos que la solicitud de certificación no cumple con el requisito expresamente establecido en el inciso f del Art. 3.002 de la Ley Núm. 201-2003, mejor conocida como la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, 4 L.P.R.A. sec. 24s (f) ni

CT-2012-10

2

con la Regla 25 del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI-B. Ello, debido a que cualquier pronunciamiento que pueda hacer el Tribunal Supremo de Puerto Rico no es determinante para disponer del asunto ante la consideración del Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico, a la luz de lo resuelto y ordenado por el Tribunal de Apelaciones para el Primer Circuito en el caso Watchtower Bible and Tract Society of New York, Inc. v. Sánchez Ramos, 634 F.3d.3 (1st. Cir. 2011).

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.



Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo