IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WATCHTOWER BIBLE TRACT
SOCIETY OF NEW YORK, INC., et al.,

 Plaintiffs,

 v.

MUNICIPALITY OF SANTA ISABEL, et al.,

 Defendants.

Civil No. 04-1452 (GAG)

## ORDER

On February 7, 2013, the court ordered all parties to submit a joint motion by March 15, 2013, informing the court as to their progress in reaching an agreement as to unmanned urbanizations. (Docket No. 928.) A final disposition hearing was set for March 20, 2013. (Docket No. 934). In the February 7, 2013 order, the court stated, "**The court hereby requests the municipalities of San Juan, Caguas, and Guaynabo to also inform the court by March 15, 2013, thereby requiring all municipal defendants to inform the court on said date.**" (Id.) (emphasis in original). The order also required all municipal defendants to include in their informative motions a list of all unmanned urbanizations, indicating which urbanizations may be accessed from a non-controlled access road and which can be access only from a controlled access road. (Id.) The order stated:

> [T]he court requires each municipal defendant to include a list of all unmanned urbanizations located within their municipalities with their informative motions. The list of unmanned urbanizations shall specify which urbanizations are accessible by a non-controlled access road and which urbanizations may only be access by first penetrating an outer controlled access point, i.e., a smaller controlled access urbanization within a larger controlled access urbanization.

(Id.)

Plaintiffs filed a joint informative motion with the municipalities of Gurabo, Bayamon, Trujillo Alto and Dorado. (See Docket Nos. 943, 944, 945, & 947 respectively). Plaintiffs filed an informative motion regarding their attempts to formalize a joint informative motion with Ponce;

**Civil No. 04-1452 (GAG)**                              2

however, such attempts were unsuccessful and Ponce did not file any informative motion with the court. (See Docket No. 946.) The municipalities of San Juan (Docket No. 948) and Bayamon (Docket No. 949) individually filed an informative motion, detailing their attempts to resolve the issue. Guaynabo previously informed the court on February 11, 2013, thereby satisfying the court's order of February 7, 2013. (Docket No. 930.) Caguas submitted an informative motion on February 13, 2013, stating that it had previously submitted and executed a plan as to unmanned urbanizations. (Docket No. 932.) While Plaintiffs have raised issues with the Caguas plan, the motion and Caguas' efforts to make good-faith efforts to reach a resolution sufficiently inform the court of the parties progress.

### A.     Ponce's Failure to Comply

The court notes the glaring non-compliance of Ponce. The court's order was clear that all municipal defendants were required to submit an informative motion by March 15, 2013. Ponce's non-compliance is disheartening as the court previously held a contempt hearing regarding Ponce's failure to comply with court deadlines pertaining to manned urbanizations. Plaintiffs' moved for a contempt order against Ponce on May 22, 2012 (Docket No. 761) because Ponce failed to file any action plan regarding manned urbanizations. After Ponce failed to respond to said motion as ordered by the court at Docket No. 763, Plaintiffs again motioned the court to find Ponce in contempt (Docket No. 796) and a hearing was scheduled on July 9, 2012. Ponce responded on July 8, 2012. (Docket No. 807.) The contempt order was denied without prejudice on the condition that Ponce inform the court regarding its choice of action plan (Docket No. 813), which Ponce satisfied on July 16, 2012 (Docket No. 821).

Preceding the deadline for informative motions regarding unmanned urbanizations, the court has consistently singled out Ponce delinquent in participating in good-faith efforts to find an agreement. Plaintiffs filed an informative motion seeking the court to compel Ponce to submit an action plan pertaining to unmanned urbanizations. (See Docket No. 874.) The court noted the motion and admonished Ponce for not having complied with the pertinent deadline. (Docket No. 875.) Plaintiffs filed another informative motion on February 4, 2013, detailing their efforts to contact counsel from Ponce and seeking to compel Ponce to file an action plan for unmanned

urbanizations. (Docket No. 922.) In response, on February 4, 2013 the court stated, "The Municipality of PONCE is ordered to engage in good faith negotiations with Plaintiff and to submit a JOINT proposed action plan on or before March 15, 2013. Failure to comply with this order shall result in a finding of contempt and/or sanctions, something the court would hope to avoid at all costs." (Docket No. 924) (emphasis in original). The court next issued its order of February 7, 2013, ordering all municipal defendants to inform the court by March 15, 2013. (Docket No. 928).

The court has provided ample leeway for all parties to discuss the issues and to attempt to create action plans as to unmanned urbanizations. The court has been patient with Ponce in the past and has denied a previous motion for contempt for these very actions. Ponce now attempts to again shirk its court ordered duties by failing to participate in good-faith efforts with Plaintiffs and by flaunting the court's deadlines. The court purposefully set the current deadlines in order to resolve all remaining issues at the final disposition hearing on March 20, 2013. Without the participation of Ponce, the court will be forced to order a judicially created resolution. While the court repeatedly attempted to avoid such a judicially created solution, it is not so daunting that the court must postpone the final disposition hearing. However, Ponce has repeatedly missed, or worse, blatantly ignored court ordered deadlines. As such, the court finds Ponce in **CONTEMPT OF COURT** and orders Ponce to pay a fine of $2,500.00 for its repeated failure to comply with court orders. Payment of said fine is to be held in abeyance until further court order. In addition, Plaintiffs may request attorneys fees for the time Plaintiffs spent attempting to contact Ponce in order to comply with the court's February 7, 2013 order.

**B.     Municipal Defendants' Failure to Comply**

The final issue for resolution is the municipal defendants' failure to furnish the court with a list of all unmanned urbanizations, indicating which of those may be access by a non-access controlled road and which can be only be accessed by an accessed controlled road. The court's order dated February 7, 2013 clearly required all municipal defendants to inform the court of such information. Only Gurabo complied with this order from the court by submitted its informative motion on March 18, 2013, three days after the deadline. (Docket No. 957.) Not a single other municipality has complied with this order. San Juan recognized and mentioned the request in an

informative motion filed March 5, 2013, which stated the "Office of Control Access has been preparing the list . . . ." (Docket No. 935.)  However, San Juan never informed the court the requested information.  In this regard, Bayamon, Caguas, Dorado, Guaynabo, Ponce, San Juan and Trujillo Alto have all hindered the court's preparation for the final disposition hearing.  The court expects the named municipal defendants to prepare and deliver to the court during the final disposition hearing set for Wednesday, March 20, 2013, a list of all unmanned urbanizations located within its jurisdiction, specifying which of those may only be access by a controlled access road.  Any municipal defendant that does not furnish such information to the court will be required to **SHOW CAUSE** as to why they should not be held in contempt of court.

**SO ORDERED**.

In San Juan, Puerto Rico this 18th day of March, 2013.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge