IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**WATCHTOWER BIBLE TRACT SOCIETY OF NEW YORK, INC., et al.,**

   **Plaintiffs,**

   v.

**MUNICIPALITY OF SANTA ISABEL, et al.,**

   **Defendants.**

Civil No. 04-1452 (GAG)

## ORDER

On September 24, 2013, Plaintiffs moved to hold the municipalities of Santa Isabel, Vega Baja and Yauco in contempt for failure to provide Plaintiffs access to urbanizations within their bounds. (Docket No. 1235.) These municipalities were included as defendants in this action in Plaintiffs' amended complaint. (See Docket No. 49.) Default was entered against these municipalities on January 8, 2008. (Docket Nos. 230, 231, 232 & 352.) Default judgment was entered on June 9, 2008. (Docket No. 455.)[1]

In the default judgment, the court ordered these municipalities to "grant Plaintiffs unfettered access to all urbanizations in its jurisdiction with controlled access pursuant to Laws 21 and 22. Said access shall not be restricted by the urbanization guard, but each individual resident shall have the right to refuse entry of Plaintiffs into his or her individual home." (Docket No. 455 ¶ 2.) The court further stated that, "[f]ailure . . . to comply with the terms of this Judgment will be grounds for contempt." (Id. at ¶ 3.) Plaintiffs first moved to hold these municipalities in contempt on December 2, 2008. (Docket No. 533.) Presently, Plaintiffs renew their request.

Plaintiffs seek implementation of the remedies previously fashioned for the other municipalities. The court finds that implementation of the same remedial scheme applicable to the

---

[1] The court also entered default judgment against a number of urbanizations that did not appear. (See Docket No. 455.)

**Civil No. 04-1452 (GAG)**                    2

other municipal defendants will also serve Santa Isabel, Vega Baja and Yauco.  Additionally, implementing the same scheme will provide consistency between all municipalities.  Therefore, the court orders the following:

1) Manned Urbanizations

   a) All manned urbanizations must provide Plaintiffs unfettered access.

   b) Each municipal police department shall provide Plaintiffs with a contact number to use in case Plaintiffs are denied access to any urbanization within its district.

   c) Each police department shall promptly respond to all calls regarding denial of access, arrive on the scene and ensure Plaintiffs are granted unfettered access before leaving.

   d) The municipality shall inform the court, via informative motion, of any urbanization that repeatedly refuses access to Plaintiffs.  For purposes of this order, the municipality is required to notify the court once an urbanization has denied Plaintiffs access three times.

2) Unmanned Urbanizations

   a) Each municipality shall file a list of all urbanizations within its bounds.  This list shall designate whether the urbanization is manned or unmanned.  It shall also identify any unmanned urbanizations that require access to a manned urbanization prior to entering the unmanned urbanization.

   b) Each municipality shall deliver a means of access to Plaintiffs for each unmanned urbanization.  As stated numerous time by the court, this access must be equal to that of the residents.  (See e.g., Docket No. 1051.)  The access can take the form of a key, an access code, beeper or other device, so long as it provides the same access as the residents.

   c) Any urbanization that changes its means of access to its public streets must notify the municipality in which it is located and Plaintiffs prior to executing the change.  The municipality shall be responsible for delivering the new

means of access to Plaintiffs within twenty-four hours of the change.

Finally, the court requires these municipalities to implement these dictates within forty-five days of receiving notice of this order. This time frame shall not be enlarged and no extensions shall be granted. Each municipality shall notify the court of full compliance with this order via informative motion. As default judgment was entered against these municipal defendants five years ago, accessing these urbanization should not be an issue. The court allows defendants this time period to compile the list of urbanizations and to collect access devices from the unmanned urbanizations. All municipalities must provide access to Plaintiffs pursuant to the default judgment at Docket No. 455 and this order. Any municipal defendant that does not file the required documents with the court shall face a sanction of $100 per day, and may face additional sanctions, including attorney's fees (see Docket No. 441), and/or contempt orders. Plaintiffs shall serve a copy of this order to these defendants municipalities and inform the court of completed service.

**SO ORDERED**.

In San Juan, Puerto Rico this 4th day of October, 2013.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ
United States District Judge