## TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| **WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., et al.** | | Caso Original: 04-1452 |
| Recurridos | | |
| v. | **CT-2013-0014** | SOBRE: Certificación |
| **MUNICIPIO DE DORADO, et al.** | | |
| **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO** | | |
| Peticionarios | | |

## ALEGATO DEL DEPARTAMENTO DE JUSTICIA COMO *AMICUS CURIAE*

**LCDO. CLAUDIO ALIFF ORTIZ**
TS Núm. 8771
ALB Plaza – Villa Clementina
16 Carr. 199 Ste. 400
Guaynabo, PR  00969-4712
Tel. (787) 474-5447
Fax (787) 474-5451
califf@alblegal.net

**LCDO. ALEJANDRO CARRASCO CASTILLO**
TS Núm. 8193
Urb. El Cerezal
1684 Calle Paraná
San Juan, PR  00926
Tel. (787) 756-8206 / 8687
Fax:  No disponible
carrascolaw@prtc.net

**LCDA. ROSA M. CRUZ NIEMIEC**
PO Box 195498
San Juan, PR  00919-5498
Tel. (787) 777-0495
Fax (787) 777-0439
cnvlaw@gmail.com

**LCDO. NÉSTOR DURÁN GONZÁLEZ**
TS Núm. 4633
270 Ave. Muñoz Rivera
San Juan, PR  00918
Tel. (787) 250-5632 / 5618
Fax (787) 759-2785 / 620-8301
nd@mcvpr.com

**LCDO. ARTURO GARCÍA SOLÁ**
TS Núm. 8031
PO Box 364225
San Juan, PR  00936
Tel. (787) 250-5632 / 5618
Fax (787) 759-2785 / 620-8301
ajg@mcvpr.com

RECEIVED & FILED
2014 JAN 24  PM 3: 01
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN P.R.

**LCDO. EDGAR HERNÁNDEZ SÁNCHEZ**
TS Núm. 9908
PO Box 364966
San Juan, PR  00936-4966
Tel. (787) 767-9625
Fax (787) 622-2229
e_hernandez@cnrd.com

**LCDO. HÉCTOR M. LAFFITTE**
TS Núm. 1867
PO Box 364225
San Juan, PR  00936
Tel. (787) 250-5632 / 5618
Fax (787) 759-2785 / 620-8301
hml@mcvpr.com

**LCDO. ROBERT MILLAN SANTIAGO**
TS Núm. 8238
250 Calle San José
San Juan, Puerto Rico  00901
Tel./Fax: (787) 725-0946
rmi3183180@aol.com

**LCDO. LUIS E. PABÓN ROCA**
TS Núm. 11048
Fernández Juncos Station
P.O. Box 11397
San Juan, Puerto Rico  00910-2497
Tel. (787) 764-1800
Fax (787) 777-0737
ipabonroca@microjuris.com

**LCDO. IVÁN PASARELL JOVE**
TS Núm. 12692
P.O. Box 9021612
San Juan, Puerto Rico  00902-1612
Tel. (787) 647-4826
Fax (787) 722-5206
ipasarell@yahoo.com

**LCDO. HÉCTOR RIVERA CRUZ**
TS Núm. 4634
P.O. Box 9023954
San Juan, Puerto Rico  00902-3954
Tel. (787) 722-8825 / 722-8822
Fax (787) 723-1061
bufetehectorriveracruz@gmail.com

**LCDO. RAFAEL E. RIVERA SÁNCHEZ**
TS Núm. 14454
P.O. Box 191884
San Juan, Puerto Rico  00919-1884
Tel. (787) 528-2062
Fax (787) 728-5505
rafaelrivera.lawoffice@gmail.com

**LCDA. CLARISA SOLÁ GÓMEZ**
TS Núm. 1449
Fernández Juncos Station
P.O. Box 11397
San Juan, Puerto Rico  00910-2497
Tel. (787) 764-1800
Fax (787) 777-0737
facciopabonroca@microjuris.com

**U.S. DISTRICT COURT OF PUERTO RICO**
Federal Building
Chardon Avenue Suite 150
San Juan, Puerto Rico  00918-1767
Tel. (787) 772-3000
Fax (787) 772-3210

**LCDA. NORA VARGAS ACOSTA**
TS Núm. 7824
Edificio First Federal
1056 Avenida Muñoz Rivera Suite 1004
Río Piedras, Puerto Rico  00927-5026
Tel. (787) 751-7485 / 525-5514
Fax (787) 751-7485
nvargasacosta@onelinkpr.net

**LCDO. MICHAEL CRAIG MC CALL**
Alb. Building 400
16 Carr. 199
Guaynabo, Puerto Rico  00969
Tel. (787) 232-4530
Fax (787) 777-0737
michaelm@caribe.net

**LCDA. DAMARIS DELGADO VEGA**
ALB Plaza – Villa Clementina
16 Carr. 199 Ste. 400
Guaynabo, PR  00969-4712
Tel. (787) 474-5447
Fax (787) 474-5451
damarisd@caribe.net

**HON. GUSTAVO A. GELPI**
Clemente Ruiz Nazario U.S.
150 Carlos Chardon St.
San Juan, Puerto Rico  00918
Tel. (787) 772-3102
Fax (787) 977-6185
gustavo_gelpi@prd.uscourts.gov

**LCDO. PEDRO R. VÁZQUEZ III**
PMB 153
405 Esmeralda Ave. - Suite 2
Guaynabo, Puerto Rico  00969
Tel. (787) 925-4669
Fax (787) 789-3340
prvazquez@hotmail.com

**PAUL D. POLIDORO**
100 Watchtower Drive
Patterson, NY  12563
Tel. (845) 306-1000
Fax (845) 306-0709
ppolidor@jw.org

**MARGARITA MERCADO ECHEGARAY**
Procuradora General
T.S. Núm. 16,266

**TANAIRA PADILLA RODRÍGUEZ**
Subprocuradora General
T.S. Núm. 16,234

**KARLA Z. PACHECO ÁLVAREZ**
Subprocuradora General
T.S. Núm. 15,384

**AMARILIS RAMOS RODRÍGUEZ**
Procuradora General Auxiliar
T.S. Núm. 16,871
Departamento de Justicia
P. O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel.: (787) 721-2900, Ext. 2739,2743
Fax: (787) 724-3380
E-mail: amramos@justicia.pr.gov

En San Juan, Puerto Rico a
23 de enero de 2014.

**TRIBUNAL SUPREMO DE PUERTO RICO**

| | | |
|---|---|---|
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., et al.<br><br>Recurridos<br><br>v.<br><br>**MUNICIPIO DE DORADO, et al.**<br><br>**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**<br><br>Peticionarios | **CT-2013-0014** | Caso Original: 04-1452<br><br><br><br>SOBRE: Certificación |

## ALEGATO DEL DEPARTAMENTO DE JUSTICIA COMO *AMICUS CURIAE*

### ÍNDICE DE MATERIAS

Págs.

Comparecencia ................................................................................................................ 1

I. INTRODUCCIÓN .......................................................................................................... 1

II. JURISDICCIÓN ........................................................................................................... 2

III. TRASFONDO FÁCTICO Y PROCESAL ................................................................... 2

IV. ALCANCE DE LA COMPARECENCIA DEL DEPARTAMENTO DE JUSTICIA DE PUERTO RICO ............................................................................. 4

V. DERECHO APLICABLE ............................................................................................. 6

VI. CONCLUSIÓN ......................................................................................................... 14

SÚPLICA ......................................................................................................................... 15

NOTIFICACIÓN .............................................................................................................. 15

### ÍNDICE LEGAL

**LEGISLACIÓN (ESTATAL):**

Código Civil de Puerto Rico, 31 L.P.R.A. sec. 1 y subsiguientes , 31 L.P.R.A. sec. 1021
    y subsiguientes .......................................................................................................... 6
        Artículo 254, 31 L.P.R.A. 1023 ......................................................................... 6
        Artículo 255, 31 L.P.R.A. 1024 ......................................................................... 7
        Artículo 256, 31 L.P.R.A. 1025 ......................................................................... 7
        Artículo 257, 31 L.P.R.A. 1026 ......................................................................... 8
        Artículo 275, 31 L.P.R.A. 1083 ......................................................................... 9
        Artículo 500 ...................................................................................................... 21

Constitución del E.L.A.
    Artículo V,  Sección 5.................................................................................... 4
    Artículo VI, Sección 9, ed.1982, pág. 369........................................................ 8

Ley de la Judicatura de 2003, según enmendada, Ley Núm. 201-2003
    Artículo 3.002(f), 4 L.P.R.A. Sec. 24s(f)......................................................... 4

*Ley de Control de Acceso*, Ley Núm. 21 de 20 de mayo de 1987, según enmendada,
    23 LPRA sec. 64, *et. seq.*..................................................................*passim*

Ley de Vehículos y Tránsito, Ley Núm. 22-2000, 9 L.P.R.A. 5000 ........................... 21

Ley Hipotecaria y del Registro de la Propiedad
    Artículo 93, 30 L.P.R.A. 2314...................................................................... 20
    Artículo 100 ............................................................................................... 20

Ley Núm. 75 de 24 de junio de 1975, mejor conocida como *Ley Orgánica de la Junta de*
    *Planificación de Puerto Rico*....................................................................... 12
    Artículo 16 ................................................................................................. 13
    Sección 62t................................................................................................. 13

Ley Núm. 81-1991, mejor conocida como *Ley de Municipio Autónomos del Estado Libre*
    *Asociado de Puerto Rico de 1991*................................................................ 10
    Art. 2.001 .................................................................................................. 11
    Art. 2.004 .................................................................................................. 11
    Art. 13.001 ................................................................................................ 12
    Art. 13.002 ................................................................................................ 12

Ley Núm. 161-2009, según enmendada, mejor conocida como *Ley para la Reforma del*
    *Proceso de Permisos de Puerto Rico*............................................................ 17

Ley orgánica de la Autoridad de Carreteras y Transportación Pública, Ley Núm. 74 de
    23 de junio de 1965.................................................................................... 14

Nueva Ley de Permisos y Reglamento Conjunto de Permisos para Obras de Construcción y Uso
    de Terrenos................................................................................................. 17

**LEGISLACIÓN (FEDERAL):**

Código Civil de Louisiana .............................................................................. 6
    Artículo 428 ................................................................................................. 7

**JURISPRUDENCIA (ESTATAL):**

*Asoc. Res. Park Side, Inc. v. Junta de Planificación*, 147 D.P.R. 277 (1998)............. 12

*Asoc. V. Villa Caparra v. Iglesia Católica*, 117 D.P.R. 346 (1986) ........................... 20

*Asociación Pro Control de Acceso Calle Maracaibo v. Cardona Rodríguez*,
    144 D.P.R. 1 (1997)................................................................................... 10

*Baldrich v. Registrador*, 77 D.P.R. 739 (1954) ..................................................... 20

*Caquías Mendoza v. Asoc. Res. Mansiones de Río Piedras*, 134 D.P.R. 181 (1993).................... 9

*Junta de Plantificación de Puerto Rico v. Frente Unido Pro Defensa Valle de Lajas*,
    D.P.R. (2005)............................................................................................ 12

*Rubert Armstrong v. E.L.A.*, 97 D.P.R. 588 (1969) .................................................. 10

*San Gerónimo Project Inc., v. E.L.A. I*, 174 D.P.R. 518 (2008)........................... 6

**JURISPRUDENCIA (FEDERAL):**

*Watchtower Bible and Tract Society of New York, Inc. v. Sagardía*, 634 (F.3d3.1st Cir. 2011) .... 5

**TEXTOS:**

*Curso de Derecho Civil, Tomo II, Los Bienes y los Derechos Reales*, 3ra Ed. (1997),
   a la pág. 40 ........................................................................................................ 7

Dr. Luis Mojica Sandoz, *Derecho Hipotecario de Puerto Rico*, Publicaciones,
   JTS (2004), a la pág. 22 ................................................................................... 18

Dra. Margarita E. García Cardenas, *Derecho de urbanizaciones: servidumbres en equidad,
   controles de acceso e instalaciones vecinales.* Editorial InterJuris 2010, a la pág. 6 .............. 12

José Ramón Vélez Torres , *Curso de Derecho Civil, Tomo II, Los Bienes y los
   Derechos Reales*, 3ra Ed. (1997), a la pág. 42 ................................................. 9

Luis Rafael Rivera Rivera en su texto *Derecho Registral Inmobiliario Puertorriqueño*,
   Jurídica Editores, 3ra Edición (2012) ............................................................. 19

Michel J. Godreau, *Las Concesiones de la Corona y Propiedad de la Tierra en Puerto Rico,
   Siglos XVI-XX: Un Estudio Jurídico*, 62 Rev. Jur. U.P.R. 351, 562 (1993)............... 9

**REGLAS Y REGLAMENTOS:**

*Reglamento Conjunto de Permisos para Obras de Construcción y Uso de Terrenos*, Reglamento
   Núm. 7951 de 30 de nov de 2010, enmendado en el 2011 y el 2012 ...................... 18
   Sección 3.05 ..................................................................................................... 17

*Reglamento de Lotificación y Urbanización
   Reglamento de Planificación Núm. 3*................................................................ 17

Reglamento Hipotecario
   Regla 101.1 ....................................................................................................... 20

Reglamento Núm. 20, *Reglamento de Control de Tránsito y Uso Público de las
   Calles Locales*................................................................................................... 16
   Secciones 2.02; 2.15; 2.16; 11.01 ..................................................................... 16

Reglamento del Tribunal Supremo
   Reglas 25, 26 y 43, 4 L.P.R.A. Ap. XXI-B, R. 25, 26 y 43 ............................... 4

Reglas de Procedimiento Civil
   Regla 8.3 ............................................................................................................ 4
   Regla 52.2(d), 32 L.P.R.A. Ap. V., R. 52.2(d) ................................................. 4

**OTROS:**

Diccionario de la Real Academia Española................................................................ 7

## TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| **WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., et al.**<br><br>Recurridos<br><br><br>v.<br><br><br>**MUNICIPIO DE DORADO, et al.**<br><br>**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**<br><br>Peticionarios | Caso Original: 04-1452<br><br><br><br>CT-2013-0014<br><br><br><br>SOBRE: Certificación |

## ALEGATO DEL DEPARTAMENTO DE JUSTICIA COMO *AMICUS CURIAE*

**AL HONORABLE TRIBUNAL**:

Comparece el Departamento de Justicia del **ESTADO LIBRE ASOCIADO DE PUERTO RICO**, por conducto de la Oficina de la Procuradora General, y muy respetuosamente, en calidad de *Amicus Curiae,* **EXPONE**:

### I.    INTRODUCCIÓN

Ante la consideración de este Honorable Tribunal mediante auto de certificación inter jurisdiccional, se encuentra una controversia muy limitada en torno a si bajo las normas de derecho privado de corte civilista, nuestro ordenamiento reconoce la existencia de calles privadas en complejos residenciales. Ello, como consecuencia de un litigio incoado por Watchtower Bible Tract Society of New York, Inc. (en adelante, Watchtower) y la Congregación Cristiana de los Testigos de Jehová de Puerto Rico, Inc. (en adelante, Testigos de Jehová) (en conjunto, "los Demandantes") en el Tribunal de Distrito federal para el Distrito de Puerto Rico.

Este Honorable Tribunal solicitó la comparecencia del Departamento de Justicia como amigo de la corte en este procedimiento en relación a un asunto estricto de interpretación de derecho privado puertorriqueño. En respuesta a la petición de este Tribunal, expresamos que, por afectación estatutaria, las calles son bienes de uso público en nuestro ordenamiento. No obstante, las calles pueden estar sujetas a desafectación por medio de un acto soberano del Estado. El

criterio rector para determinar si una calle adviene bien patrimonial es el uso o destino que se le ha dado. De hecho, la reglamentación vigente de planificación reconoce la existencia de calles o accesos privados como parte de un desarrollo urbano.

## II.   JURISDICCIÓN

Este Honorable Tribunal tiene jurisdicción para atender el presente recurso de certificación en virtud del Artículo V, Sección 5 de la Constitución del Estado Libre Asociado de Puerto Rico; del Artículo 3.002(f) de la Ley de la Judicatura de 2003, según enmendada, Ley Núm. 201-2003, 4 L.P.R.A. § 24s(f); la Regla 52.2(d) de las de Procedimiento Civil, 32 L.P.R.A. Ap. V., R. 52.2(d); y la Reglas 25, 26 y 43 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-B, R. 25, 26 y 43.

## III.   TRASFONDO FÁCTICO Y PROCESAL

El presente caso tiene su génesis en una demanda presentada por los Demandantes en contra del Estado Libre Asociado de Puerto Rico, de varios funcionarios estatales en el Tribunal de Distrito Federal para el Distrito de Puerto Rico ("Tribunal de Distrito") y de varios Municipios del Estado Libre Asociado de Puerto Rico, solicitando que se decretara la inconstitucionalida de la *Ley de Control de Acceso*, Ley Núm. 21 de 20 de mayo de 1987, según enmendada, 23 L.P.R.A. §64, *et. seq* ("Ley de Control de Acceso" o " Ley Núm. 21"). Luego de varios trámites, el Tribunal de Apelaciones para el Primer Circuito sostuvo la constitucionalidad de la Ley de Control de Acceso y expuso ciertas directrices sobre el derecho de acceso a las calles que tendrían los demandantes a la luz del régimen de Control de Acceso. *Véase Watchtower Bible & Tract Society of New York v. Sagardía-De Jesús*, 634 F.3d 3, 12 (1st Cir. 2011). El Primer Circuito devolvió el caso al Tribunal de Distrito para que dicho foro atendiera lo relativo a los medios que los municipios y las urbanizaciones deben emplear para proveer acceso a los demandantes a las urbanizaciones.[1] La reclamación en cuanto al Estado quedó desestimada en virtud de que su participación como "parte" cesó al declararse constitucional la referida ley de su faz. Ello, además, debido a que la implementación de la ley y el remedio concedido a los Demandantes no le corresponde al Estado, sino a los Municipios al amparo de la Ley de Acceso Controlado.[2]

---

[1] Watchtower recurrió al Tribunal Supremo de Estados Unidos el cual el 7 de noviembre de 2011 denegó el recurso de *Certiorari*. Watchtower Bible & Tract Society of New York v. Sagardía-De Jesus USSC No. 11-26
[2] Apéndice IV del Alegato del Municipio de Dorado; *véase además* Docket Núm. 710.

2

Devuelto el caso al Tribunal de Distrito, dicho foro le concedió un término a los Municipios para presentar un plan de acción en el que aseguraran el acceso a las urbanizaciones con control de acceso vehicular y peatonal. Luego de varios trámites, el Tribunal de Distrito emitió una serie de órdenes dirigidas a los Municipios sobre el acceso a proveerse en las urbanizaciones.[3]

Oportunamente, el Municipio de Dorado presentó su plan de acción para poner en vigor la determinación del Primer Circuito el cual fue aprobado por el Tribunal de Distrito.[4] Posteriormente, el Municipio le informó al Tribunal de Distrito que la urbanización *Brighton Country Club at Dorado* (BCC) era una urbanización privada que supuestamente no está sujeta a las órdenes judiciales emitidas en el caso bajo el fundamento de que sus calles eran de carácter privado. Además, adujo que las calles no habían sido transferidas o cedidas al Municipio.[5]

Luego de varios trámites procesales ante el Tribunal de Distrito en relación al reclamo del Municipio de Dorado sobre el carácter privado de las calles sitas en la urbanización BCC, el Tribunal de Distrito emitió un auto de Certificación a este Honorable Tribunal para que se expresara en torno a *si las leyes de Puerto Rico permiten la existencia de calles privadas*. Este Honorable Tribunal expidió el auto de certificación interjurisdiccional mediante Resolución fechada el 17 de julio de 2013. El 25 de septiembre de 2013, el Municipio de Dorado presentó su alegato y el 4 de noviembre de 2013, los Demandantes hicieron lo propio. El 14 de noviembre de 2013, este Tribunal autorizó una solicitud de comparecencia como amigos de la corte presentada conjuntamente por DBR Dorado Owner LLC, Coco Beach Maintenance, Inc. y Serrallés Hotel, Inc, ("amigos de la corte"). El 3 de enero de 2014, los amigos de la corte presentaron su alegato.

Mediante Resolución del 16 de diciembre de 2013, notificada al día siguiente, esta Honorable Curia declaró *no ha lugar* una solicitud para comparecer como amigos de la corte a la American Civil Liberties Union (ACLU). En dicha Resolución, este Honorable Tribunal aclaró que la controversia que atendería mediante certificación es aquella relativa a la clasificación de las calles conforme al ordenamiento de derechos reales y derecho registral inmobiliario. Así, este Tribunal instruyó que no atendería el asunto de derecho constitucional que subyace en este caso sobre el derecho de libertad de expresión invocado por los Demandantes en el pleito federal.

---

[3] Véase, Docket Núm. 1173 (petición de certificación emitida por el Tribunal de Distrito el 11 de junio de 2013).
[4] Apéndice V y VI del Alegato del Municipio de Dorado.
[5] Apéndice VII del Alegato del Municipio de Dorado.

3

De conformidad con la Resolución emitida el 22 de noviembre de 2013, mediante la cual este Honorable Foro invitó a la parte aquí compareciente a participar de estos procedimientos como Amigo de la Corte, procedemos de conformidad.

## IV.   ALCANCE DE LA COMPARECENCIA DEL DEPARTAMENTO DE JUSTICIA DE PUERTO RICO.

El Artículo 3.002 de la Ley de la Judicatura, 4 L.P.R.A. § 24s(f), establece que mediante el auto de certificación este Honorable Tribunal podrá atender cualquier asunto que le fuere certificado por el Tribunal de Distrito de Estados Unidos de América, cuando el tribunal solicitante tenga ante sí cuestiones de derecho puertorriqueño que puedan determinar el resultado y no existan precedentes claros en la jurisprudencia. Para instrumentar lo anterior, la Regla 25(i) de las Reglas de este Tribunal Supremo establece que se "enviará la opinión de este Tribunal en contestación a las preguntas de derecho que se le certifiquen al tribunal solicitante y a las partes, bajo su firma y el sello de este Tribunal. Dicha opinión, con las contestaciones del Tribunal a las preguntas certificadas, obligará a las partes".

Para que se considere un recurso de certificación, la pregunta certificada debe ser relevante al caso de origen y debe haber carencia de jurisprudencia dispositiva del asunto. Además, la opinión que emite este Honorable Tribunal debe ser en contestación a las preguntas de derecho que se le certifique y obligará a las partes del caso de origen. Precisamente por la naturaleza obligatoria que la opinión que emita este Tribunal tendrá en el caso ante el tribunal de origen, la opinión debe ceñirse celosamente a la pregunta certificada. Lo contrario podría constituir una intromisión impermisible en la jurisdicción del tribunal de origen y una opinión consultiva de este Honorable Tribunal.

Mediante Opinión, Orden y Certificación, el Tribunal de Distrito le presentó a este Honorable Tribunal Supremo una solicitud de certificación para conocer si las leyes y la Constitución de Puerto Rico permiten la existencia de calles residenciales privadas. Este Ilustre Tribunal emitió el auto de certificación de epígrafe para auscultar únicamente si las leyes de Puerto Rico permiten la existencia de calles privadas como asunto de derechos reales y derecho registral inmobiliario. Así, en el ejercicio de sus facultades, este foro declinó hacer cualquier determinación al palio de la Constitución del Estado Libre Asociado de Puerto Rico.[6]

---

[6] Véase, además *Resolución* de este Tribunal del 16 de diciembre de 2013.

4

Evaluado el recurso y los escritos presentados, entendemos pertinente delimitar como asunto de umbral, el alcance de nuestra comparecencia a la luz de la pregunta certificada. Además, debemos resaltar una serie de argumentos incluidos en los escritos presentados por las partes y por los amigos de la corte, que rebasan el alcance de este recurso de certificación. De lo expresado por este foro, se desprende que debemos expresarnos únicamente en torno a si las leyes de Puerto Rico permiten la existencia de calles residenciales privadas. No nos corresponde hacer ningún argumento al palio de la Constitución del Estado Libre Asociado de Puerto Rico. Además, acorde con la naturaleza del auto de certificación, la posición que expone el Departamento de Justicia se ciñe a la pregunta de derecho certificada, sin sujeción a los hechos particulares del caso de origen o a las particularidades del proyecto BCC. Tampoco deben pesar en nuestra comparecencia otros planteamientos legales que estén ante la consideración del tribunal de origen puesto que como indicamos, el Estado no es parte en ese litigio y no ha participado de los procedimientos particulares que desembocaron en el presente auto de certificación.

Considerando lo anterior, procedemos a explicar que los alegatos de las partes en este caso, así como el alegato del amigo de la corte, incluyen argumentos que rebasan por demás la controversia que debe resolver este Honorable Foro.

Comenzamos con el alegato del Municipio de Dorado, presentado el 25 de septiembre de 2013. En el mismo, el Municipio de Dorado sostiene que nuestro ordenamiento ofrece cabida a la existencia de calles residenciales privadas en Puerto Rico. No obstante, el Municipio de Dorado también sostiene que las calles de la urbanización "Brighton Country Club at Dorado, Inc." son de naturaleza privada y que "no le aplican las órdenes del Tribunal de Distrito Federal, ni del Primer Circuito." *Véase* Alegato del Municipio de Dorado, a la pág. 5. Además, alega que la controversia certificada incide directamente sobre el derecho de propiedad, particularmente el de los titulares de BBC, e invita a preguntarnos cuáles serían las implicaciones de una determinación contraria a la posición asumida por el Municipio sobre BBC. *Véase* Alegato del Municipio de Dorado, a la pág. 11. A la luz de una discusión sobre las circunstancias particulares de BBC, el Municipio de Dorado invita a este Tribunal a resolver que las calles de BBC son privadas. Alegato del Municipio de Dorado, a la pág. 14.

Similar problema presenta el alegato de Watchtower Bible and Track Society Of New York, Inc. y Congregación Cristiana de los Testigos de Jehová de Puerto Rico, Inc. En dicho alegato se

5

solicita de este Tribunal que emita un fallo que permita la difusión de ideas que regule el acceso a todo tipo de vías residenciales. *Véase* Alegato de Watchtower Bible and Track Society Of New York, a la pág. 3. Se indica también que las actuaciones relativas a las calles de BBC no constituyen desafectación de la naturaleza pública de las calles. *Véase* Alegato de Watchtower Bible and Track Society Of New York, a la pág. 7. Además, sostienen los Demandantes que aceptar que se pueden designar las calles de BCC como privadas no puede tener el efecto de prohibir la expresión de ideas religiosas en esas calles.

Por su parte, el alegato de DBR Dorado Owner, LLC, Coco Beach Maintenance, Inc. y Serrallés Hotel, Inc. en función de amigos de la corte, presenta controversias que ni tan si quiera son relevantes a las partes o asuntos planteados en el caso federal. Además de sostener – al igual que el Municipio de Dorado- que las calles de BBC son de naturaleza privada, los referidos amigos de la corte solicitan que en caso de que el Tribunal concluya que las calles son de naturaleza pública, disponga que dicho dictamen no afecta a los complejos residenciales-turísticos que ellos alegadamente adminsitran o poseen. *Véase* Alegato de DBR Dorado Owner, LLC, Coco Beach Maintenance, Inc. y Serrallés Hotel, Inc., a la pág. 35.

Es la posición del Departamento de Justicia que este Honorable Tribunal no tiene autoridad ni debe atender los planteamientos antes detallados puesto que rebasan los límites de la controversia que nos ocupa y van más allá del poder de decisión de este foro en este recurso de certificación. Siendo así, no nos pronunciaremos sobre las implicaciones en materia de derecho constitucional que podría tener el decreto de este Tribunal en certificación.   Tampoco adelantaremos criterio o postura sobre la clasificación de las calles de BCC ni sobre las circunstancias particulares de dicho proyecto.   Mucho menos atenderemos el planteamiento de los amigos de la corte a los efectos de que se adopte un pronunciamiento sobre la naturaleza de las calles en complejos turísticos.   Solicitamos respetuosamente, que este Honorable Tribunal se abstenga de atender los planteamientos antes detallados.

## V.   DERECHO APLICABLE

### A. Estado de Derecho en Puerto Rico en torno a la clasificación de los bienes.

El Código Civil de Puerto Rico clasifica los bienes en nuestro ordenamiento de acuerdo a su naturaleza y/o uso. 31 L.P.R.A. § 1021 y subsiguientes. Conforme ha reconocido este Honorable Tribunal, a partir del año 1902 se estableció en Puerto Rico un esquema tripartito de clasificación de bienes conforme a su susceptibilidad de dominio y apropiación. *Véase, San*

6

*Gerónimo Project Inc., v. E.L.A. I*, 174 D.P.R. 518, 557 (2008).  Estos son, bienes **comunes, públicos o patrimoniales.** *Véase id.*

El Artículo 254 del Código Civil define las cosas *comunes* como aquéllas cuya propiedad no pertenece a nadie en particular y en las cuales todos los hombres tienen libre uso, en conformidad con su propia naturaleza, tales como el aire, las aguas pluviales, el mar y sus riberas. 31 L.P.R.A. 1023.  Por su parte, el Artículo 255 del Código Civil dispone que son bienes de *dominio público* los destinados al uso público, como los caminos, canales, ríos, torrentes y otros análogos. 31 L.P.R.A. § 1024. Dicha disposición es *numerus apertus*[7] y responde al uso público como destino.   Por otro lado, son bienes de *uso público* los caminos estaduales y los vecinales, las plazas, **calles**, fuentes y aguas públicas, los paseos, y las obras públicas de servicio general, costeadas por los mismos pueblos o con fondos del tesoro de Puerto Rico. Artículo 256 del Código Civil, 31 L.P.R.A. §1025.

Es meritorio señalar que aunque la norma es que los bienes son susceptibles de apropiación no todas las cosas o bienes lo son.[8]  Existen cosas que *no* pueden ser propiedad particular por razón de su objeto, tales como las cosas en común o aquéllas cuyo uso y disfrute pertenece a todos los hombres. Art. 274 del Código Civil, 31 L.P.R.A. §1082.

El factor definitorio en relación a la clasificación de los bienes entre públicos y patrimoniales es el uso público, es decir, la finalidad pública de los bienes.  *San Gerónimo Caribe Project Inc.*, 174 D.P.R. a la pág. 565.  Así, en nuestro ordenamiento, el dominio público conlleva siempre la idea de destino o afectación al uso público en general.  *Véase* José Ramón Vélez Torres, *Curso de Derecho Civil, Tomo II, Los Bienes y los Derechos Reales*, 40 (1997).

En relación a la clasificación de las calles como bienes, este Augusto Foro en *Caquías Mendoza v. Asoc. Res. Mansiones de Río Piedras*, 134 D.P.R. 181 (1993), expresó que las calles son bienes de uso público y en relación al régimen de control de acceso, éstas preservan su naturaleza pública. De igual forma, en *Asociación Pro Control de Acceso Calle Maracaibo v. Cardona Rodríguez*, 144 D.P.R. 1 (1997),[9] este Tribunal reiteró que las calles son bienes de

---

[7] No obstante, en *San Gerónimo Caribe Project*, 174 D.P.R. a la pág. 551este Tribunal reiteró que aunque el artículo no era taxativo se ha reconocido que no eran bienes comunes los manglares y marismas al no haber sido mencionados en el mismo. *Véase además Rubert Armstrong v. E.L.A* 97 D.P.R. 588, 631 (1969).

[8] Las cosas susceptibles de propiedad son aquellas que pueden ser objeto de apropiación individual, pudiendo ser **enajenadas por venta, permuta, donación, prescripción o de otra manera.** Art. 275 del Código, 31 L.P.R.A. §1083 (énfasis suplido).

[9] En dicho caso este Tribunal sostuvo la constitucionalidad de la delegación de poderes legislativos a entidades privadas, tales como el poder administrar o implantar una ley, siempre que sea razonable en atención al propósito que persigue la misma. El permiso que otorga un municipio debe interpretarse e implantarse de conformidad con la naturaleza pública de esas vías.

7

dominio y uso público, independientemente de la jurisdicción bajo la cual se encuentre, sea ésta municipal o estatal. *Véase además, Rubert Armstrong v. E.L.A.*, 97 D.P.R. 588 (1969).

De las disposiciones antes citadas queda claro que las calles son bienes de uso público cuya afectación como bienes de uso común está dispuesta por el Código Civil. Empero, toda vez que el destino del bien es determinante para deslindar los bienes de dominio público de aquellos que pueden adquirir el carácter de bien patrimonial, nuestro ordenamiento civilista reconoce que los bienes de uso público pueden advenir patrimonio privado mediante actos específicos de desafectación. *Véase, San Gerónimo Caribe Project,* 174 D.P.R. a las págs. 564-65.

El Artículo 274 del Código Civil regula lo relativo a la afectación y desafectación de bienes. 31 L.P.R.A. §1082. Conforme a dicha disposición, las carreteras y calles son bienes que por su naturaleza son susceptibles de propiedad particular en circunstancias en las que cesa el fin o utilidad pública. Así, cuando bienes susceptibles de apropiación se sustraen al tráfico jurídico por razón de haberse destinado al uso o dominio público, dejan de ser propiedad particular por su incompatibilidad de uso. *Véase* Vélez Torres, *Curso de Derecho Civil, supra* a la pág. 41. Empero, si el uso público termina, estos bienes adquieren la condición de propiedad privada, no importa que su dueño original fuera el propio Estado o una persona particular. *Véase San Gerónimo Caribe Project Inc.,* 174 D.P.R. a las págs. 565-66; *véase además, id.*

En *San Gerónimo Caribe Project,*[10] este Tribunal señaló que los bienes de dominio público están sujetos a desafectación. 174 D.P.R. a la pág. 564. "La desafectación es el acto contrario a la afectación, que produce el efecto de la pérdida de la clasificación de dominio público del bien objeto de dicho acto." *Id.* a la pág. 565. La desafectación requiere que el bien de dominio público susceptible por su naturaleza de propiedad particular cese el fin público que se le hubiera dado. *Id,* a las págs. 565-66.

El acto de desafectación se puede concretar por virtud de ley, por actos administrativos efectuados por organismos con competencia para ello, o por cambios en las condiciones naturales que los excluyen de lo provisto en la ley. *Id.* a las págs. 566-67; *véase además Caquías Mendoza v. Asoc. de Residentes Río Piedras*, 134 D.P.R. 181, 242 (1993) (interpretando el Artículo VI de la Sección 9 de la Constitución del E.L.A., sobre disposición e uso de propiedad pública para fines públicos e indicando que dicha al amparo de dicha disposición, un

---

[10] *Id.,* a la pág. 567.

bien de dominio y uso público no es susceptible de enajenación o posesión privada salvo su desafectación).

En fin, la transformación patrimonial de bienes de uso o dominio público a bienes de carácter patrimonial implica el cese del fin público y conlleva que dichos bienes pierdan su carácter de inalienabilidad, imprescriptibilidad e inembargabilidad. *Véase Sam Gerónimo Caribe Project Inc.,* 174 D.P.R. a la pág. 566.

**B. La Reglamentación sobre Planificación y Desarrollo Urbanístico reconoce la existencia de calles residenciales con usos privados.**

La normativa en la concesión de permisos a partir del año 1976 de acuerdo a la *Ley Orgánica de la Administración de Reglamentos y Permisos* (ARPE) – ente administrativo sustituido posteriormente por la Oficina de Gerencia de Permiso "OGPe"[11]- disponía que no se expediría ningún permiso de construcción o de uso para un edificio, ni se levantaría ningún edificio en ningún solar o parcela, a menos que dicho solar o parcela tuviera acceso a una carretera o calle que haya recibido el estatus legal de calle pública antes de la fecha de la solicitud para adquirir dicho permiso, a menos que la carretera o calle haya sido aprobada por la Junta de Planificación de Puerto Rico o por la propia administración o, habiendo sido desaprobada, dicha desaprobación haya sido revocada por el Gobernador, de acuerdo a lo dispuesto en dichas secciones." *Véase* Ley Núm. 76 de 24 de junio de 1975, Art. 23, 23 L.P.R.A §71v (derogada por la Ley Núm. 161-2009).

De igual forma, el *Reglamento de Lotificación y Urbanización, Reglamento de Planificación Núm. 3,* Reglamento Núm. 22 de 30 de julio 1958, derogado por la Ley Núm. 161-2009 y el Reglamento Conjunto de Permisos disponían en la sección 3.05: "[p]ermisos Relacionados con Vías Públicas- A partir de la fecha de vigencia de este Reglamento, no se expedirá permiso alguno para la lotificación de solares o pertenencias, a menos que el solar tenga el correspondiente acceso público." En el caso de las urbanizaciones residenciales, por su parte, reitera el Reglamento Núm. 22 que: "[t]odo nuevo solar a ser formado tendrá acceso a través de *calle pública* debidamente inscrita". En el caso de urbanizaciones, los nuevos solares residenciales tendrán acceso sólo a las calles locales.

Actualmente se encuentra en vigor la Ley Núm. 161-2009, según enmendada, mejor conocida como *Ley para la Reforma del Proceso de Permisos de Puerto Rico* (en adelante, Ley

---

[11] Ley derogada por la Ley Núm. 161-2009.

Núm. 161). 23 L.P.R.A. § 9011.  Como parte de las disposiciones de la nueva ley se requirió la adopción de un reglamento conjunto de permisos.  Así, la Junta de Plantificación adoptó el *Reglamento Conjunto de Permisos para Obras de Construcción y Uso de Terrenos*, Reglamento Núm. 7951 de 30 de nov de 2010, enmendado en el 2011 y el 2012 (en adelante, "Reglamento Conjunto").

Conforme a la versión original del Reglamento Conjunto del 2010, Capítulo 4, inciso 7, el término *acceso* incluye una vía pública hacia donde da frente un solar o propiedad la cual sirve de entrada y salida peatonal, vehicular o ambos, al solar o propiedad o cuerpo de agua.  Una *vía pública* incluye toda vereda, sendero, callejón, paseo, camino, *calle*, carretera, viaducto, puente, avenida, bulevar, autopista y cualquier otro acceso o parte del mismo que sea operada, conservada o mantenida para el uso del público por el gobierno estatal o municipal.

En relación a urbanizaciones residenciales, el Reglamento Conjunto, en su versión original del 2010, establecía que todo nuevo solar formado tendría acceso a través de una *calle pública* debidamente inscrita. Lo anterior de conformidad con el Artículo 500 del Código Civil, el cual dispone que el propietario de una finca o heredad enclavada entre otras ajenas y sin salida a camino público, tiene derecho a exigir paso por las heredades vecinas, previa la correspondiente indemnización. 31 L.P.R.A. §1308.

No empece a lo anterior, en el año 2011 se modificó la definición de **acceso** contenida en el Reglamento Conjunto a los fines de  reconocer la existencia de vías o calles privadas.  Así, el Capítulo 4 del Reglamento Conjunto actualmente define **acceso** de la siguiente manera: vía pública *o privada* hacia donde da frente un solar o propiedad la cual sirve de entrada y salida peatonal, vehicular o ambos, al solar o propiedad o cuerpo de agua.  Entonces, actualmente el Reglamento Conjunto reconoce la existencia de vías privadas.  Asimismo, se enmendó la Sección 17.3.2 del Reglamento Conjunto para disponer que todo solar nuevo tendría acceso a través de una *calle pública* debidamente inscrita o *calle privada* que sea dedicada a acceso.

## C. El poder delegado a los Municipios en materia de planificación territorial.

La Ley Núm. 81-1991, mejor conocida como *Ley de Municipio Autónomos del Estado Libre Asociado de Puerto Rico de 1991* (Ley Núm. 81), 31 L.P.R.A. §4057 concedió a los Municipios facultades relacionadas al ordenamiento territorial con el fin de  promover un proceso de desarrollo ordenado, racional e integral.  El referido estatuto delegó en algunos municipios la facultad de llevar a cabo y adoptar Planes de Ordenación para el manejo del suelo urbano; la

10

transformación del suelo urbanizable en suelo urbano de forma funcional, estética y compacta; y la conservación, protección, y utilización -de forma no urbana- del suelo rústico.[12] También se le transfirió a algunos municipios ciertas competencias de la Junta de Planificación y de la Administración de Reglamentos y Permisos (ahora OGPe).

Es menester aclarar, sin embargo, que la Ley Núm. 81 sólo delegó competencias en materia de ordenamiento territorial y competencias de la Junta de Planificación y de OGPe a aquellos Municipios con autoridad jerárquica de la I a la V. Por tanto, es preciso señalar que Municipios que no cuentan con la referida jerarquía, tales como el Municipio de Dorado, no tienen autoridad en ley y competencia para tomar determinaciones sobre la clasificación de bienes en nuestro ordenamiento.

### D. Consideraciones sobre la Ley de Control de Acceso.

La *Ley de Control de Acceso de 1987* delega en los municipios de Puerto Rico la facultad de conceder autorizaciones y permisos para el control del tránsito de vehículos de motor y el uso público de las calles sujeto a una serie de requisitos y condiciones. Específicamente, el estatuto requiere que para establecer un control de acceso en una urbanización, lotificación o litificación simple, cualquier urbanizador, desarrollador de terrenos o constructor debe someter una solicitud de autorización al municipio correspondiente. 23 L.P.R.A. §64-B-1. A su vez, para asegurarse del cumplimiento de todo urbanizador o desarrollador con la Ley de Control de Acceso, se prohibió a cualquier urbanizador, desarrollador de terrenos o constructor promover, entre otros, la venta de viviendas de la urbanización o desarrollo induciendo a creer que la calle, urbanización o comunidad tendrá acceso controlado sin haber obtenido el correspondiente permiso del municipio. *Id.*

Lo anterior denota que la Ley de Control de Acceso aplica a todo urbanizador. Sobre ello, la Junta de Planificación podrá adoptar los reglamentos que regirán la otorgación de esas autorizaciones y permisos.[13] Es decir, la Junta de Plantificación está facultada para reglamentar la forma en que se otorgarán los permisos los cuales serán concedidos y otorgados por los Municipios.

En virtud de la Ley de Control de Acceso, la Junta de Plantificación adoptó el Reglamento Núm. 20, *Reglamento de Control de Tránsito y Uso Público de las Calles Locales* de 20 de enero

---

[12] Ley Núm. 81, Art. 13.001 y 13.002.
[13] Reglamento de Planificación Núm. 20, *Reglamento de Control de Tránsito y Uso Público de las Calles Locales.*

11

de 1989 ("Reglamento Núm.20").  Debemos resaltar que el Reglamento Núm. 20 dispone que el control de acceso que se autorice no impedirá el libre acceso a la policía, bomberos o cualquier otro servicio de emergencia, incluyendo los servicios de ambulancias públicas o privadas, ni a los empleados agentes o contratistas de las corporaciones públicas, que ofrecen servicios de agua, energía eléctrica, teléfono, correo o recogido de desperdicios sólidos, así como tampoco de ningún funcionario o empleado que deba visitar la comunidad en funciones oficiales, estudiantes, maestros, funcionarios y empleados del Departamento de Instrucción Pública que presten servicios en las escuelas.[14]

### E. Las disposiciones de la Ley Hipotecaria.

La Ley Hipotecaria y del Registro de la Propiedad de 1979 ("Ley Hipotecaria"), Ley Núm. 198 del 8 de Agosto de 1979, según enmendada, 30 L.P.R.A. §2001 et seq., establece el Registro de la Propiedad.  El principio de inscripción en Puerto Rico es de naturaleza declarativa, pues en la mayoría de los casos los derechos reales sobre inmuebles se constituyen, modifican, trasmiten o extinguen, con eficacia jurídica, fuera del registro en virtud de la aplicación de las normas de derecho civil. El Registro de la Propiedad únicamente publica aquello que ya ha ocurrido fuera de sus libros. *Véase* Luis Rafael Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño*, Jurídica Editores, San Juan, Puerto Rico, pág. 40 (2000).

La Ley Hipotecaria sirve el propósito de instrumentar la inscripción de derechos en el registro. Excepto en delimitadas circunstancias, las disposiciones de la Ley Hipotecaria no regulan la existencia, modificación o traspaso de derechos reales. Los derechos reales están regulados en el Código Civil y es en virtud de sus disposiciones que los derechos reales gozan de eficacia jurídica. En virtud de lo anterior, las disposiciones de la Ley Hipotecaria no pueden tener el efecto de anular o modificar una norma de derecho civil en cuanto a la eficacia jurídica de derechos reales.

Con esto en mente, evaluemos el alcance jurídico del Artículo 93 de la Ley Hipotecaria que tiene particular relevancia en la controversia que nos ocupa. Dicha disposición establece: "[e]n el caso de cualquier desarrollo urbano de una finca, no podrá registrarse segregación alguna, sin que antes se presenten los documentos en que se segreguen las parcelas dedicadas al uso común o público, y en que se consigne la cabida del resto del área destinada a estos

---

[14] *Id.*, Sección 11.01.

12

propósitos, con arreglo al plano e informes aprobados e inscritos en el Registro de la Propiedad".
Art. 93 Ley Hipotecaria y del Registro de la Propiedad. 30 L.P.R.A. §2314.

Acorde al propósito de la Ley Hipotecaria de regular la inscripción de derechos en el registro, el precitado Artículo exige que antes de registrar una segregación en el caso de cualquier desarrollo urbano de una finca, deben presentarse los documentos en los que se segreguen las parcelas dedicadas al uso común o público con arreglo al plano e informes aprobados e inscritos en el Registro de la Propiedad. Se establece así el orden en que se realizarán los correspondientes asientos y la documentación necesaria para proceder a la inscripción.

Ahora bien, el Artículo 93 de la Ley Hipotecaria no prohíbe el registro de una segregación en el caso de cualquier desarrollo urbano de una finca que no incluya parcelas dedicadas al uso común o público según el plano e informes aprobados por las autoridades correspondientes. Lo que requiere es que si en el plano e informes aprobados por las autoridades correspondientes se segregaron parcelas dedicadas al uso público, dichas segregaciones deben ser inscritas previamente.

Sobre esto, y en atención al Artículo 93 de la Ley Hipotecaria, indica el comentarista Rivera Rivera que las modificaciones pueden responder a exigencias de las agencias administrativas, como por ejemplo ocurre cuando se exige la segregación y traspaso de una parcela para dedicarla a un camino público. En esas circunstancias el Registrador está impedido de extender el asiento al negocio jurídico si no se ha dado cumplimiento a la exigencia administrativa. *Rivera Rivera*, a las págs. 369-370. Es evidente entonces que lo determinante en cuanto a la inscripción de segregaciones de parcelas dedicadas al uso público es lo que se incluye en el plano e informes aprobados por las autoridades correspondientes.

Entendemos que no procede interpretar que en virtud del Artículo 93 de la Ley Hipotecaria se requiere la segregación de parcelas para uso público en el caso del desarrollo urbano de una finca. Eso es materia de derecho civil sustantivo; no de la Ley Hipotecaria. Como ya discutimos, nuestro ordenamiento permite que en un desarrollo urbano no existan parcelas dedicadas al uso público. Las disposiciones de la Ley Hipotecaria como estatuto que instrumenta el registro de los derechos reales no pueden interpretarse en contravención a las disposiciones del Código Civil y leyes que regulan los derechos reales en Puerto Rico.

13

## VI.   CONCLUSIÓN

De un análisis de la normativa antes esbozada surge con claridad que las calles por su naturaleza y afectación estatutaria son bienes de uso público. Es decir, las calles están destinadas desde su origen al uso del público en general. Sin embargo, los bienes de uso público tales como las calles son susceptibles de propiedad particular cuando cesa su uso público o cuando ocurre una desafectación. Así lo ha reconocido este Honorable Tribunal al señalar que los bienes de dominio público están sujetos a desafectación. Además, la desafectación está sujeta a la concesión mediante autoridad legislativa o administrativa.   Particularmente, a nivel administrativo, la autoridad debe tener competencia para ello. De hecho, el Reglamento Conjunto de Planificación contempla la posibilidad de que existan calles de naturaleza privada. Es decir, que existan calles que han perdido su naturaleza de utilidad público.

Sabido es, que para cada proyecto de urbanización se requieren consultas de ubicación, entre otros procesos, las cuales se llevan a cabo y son requisito *sine qua non* para la otorgación de los permisos. Es a base de la ley y de la facultad administrativa y legislativa de la Junta de Planificación y de OGPe que cabe hablar de calles privadas sitas en complejos residenciales desde la perspectiva exclusiva de derecho patrimonial. No obstante lo anterior, es menester puntualizar que el asunto de la propiedad privada se ve limitado por consideraciones de bienestar general y queda sujeto al poder de reglamentación del Estado. Reiteramos, sin embargo, que nada de lo aquí expuesto prejuzga o se debe tomar como dispositivo en cuanto al ámbito de aplicación de la normativa u órdenes judiciales relativas a reclamos de derechos constitucionales de terceros frente a los Municipios vis a vis una urbanización residencial que cuenta con calles que están destinadas a usos privados.

Por tanto, resulta ser la posición del Estado que la normativa vigente, permite – a modo de excepción – que algunas calles residenciales sean privadas, siempre y cuando exista una desafectación del bien público. Lo anterior no es inconsistente con los propósitos o aplicabilidad de la Ley de Control de Acceso.

Reiteramos que el Estado no es parte en el procedimiento ante el Tribunal de Distrito por lo que nuestra posición no va dirigida al resultado del caso, ni es nuestra intención asumir una posición o criterio al respecto. Asimismo, señalamos que no podemos adelantar criterio ni procede discutir en este caso los asuntos planteados por los amigos de la corte en cuanto a la

14

clasificación jurídica desde el aspecto patrimonial de los complejos residenciales turísticos o "master plan communities".

**EN MÉRITO DE LO ANTERIOR**, muy respetuosamente solicitamos a este Honorable Tribunal tome conocimiento de lo previamente expuesto, acepte el presente Alegato en calidad de *Amicus Curiae*.

**RESPETUOSAMENTE SOMETIDO**.

En San Juan, Puerto Rico, a 23 de enero de 2014.

**MARGARITA MERCADO ECHEGARAY**
Procuradora General
T.S. Núm. 16,266

**TANAIRA PADILLA RODRÍGUEZ**
Subprocuradora General
T.S. Núm. 16,234

**KARLA Z. PACHECO ÁLVAREZ**
Subprocuradora General
T.S. Núm. 15,384

**AMARILIS RAMOS RODRÍGUEZ**
Procuradora General Auxiliar
T.S. Núm. 16,871

## NOTIFICACIÓN

**CERTIFICO:** Que en el día de hoy se ha enviado por *correo regular* copia del presente escrito a:

**LCDO. CLAUDIO ALIFF ORTIZ**
TS Núm. 8771
ALB Plaza – Villa Clementina
16 Carr. 199 Ste. 400
Guaynabo, PR 00969-4712
Tel. (787) 474-5447
Fax (787) 474-5451
califf@alblegal.net

**LCDO. ALEJANDRO CARRASCO CASTILLO**
TS Núm. 8193
Urb. El Cerezal
1684 Calle Paraná
San Juan, PR 00926
Tel. (787) 756-8206 / 8687
Fax: No disponible
carrascolaw@prtc.net

15

**LCDA. ROSA M. CRUZ NIEMIEC**
PO Box 195498
San Juan, PR  00919-5498
Tel. (787) 777-0495
Fax (787) 777-0439
cnvlaw@gmail.com

**LCDO. NÉSTOR DURÁN GONZÁLEZ**
TS Núm. 4633
270 Ave. Muñoz Rivera
San Juan, PR  00918
Tel. (787) 250-5632 / 5618
Fax (787) 759-2785 / 620-8301
nd@mcvpr.com

**LCDO. ARTURO GARCÍA SOLÁ**
TS Núm. 8031
PO Box 364225
San Juan, PR  00936
Tel. (787) 250-5632 / 5618
Fax (787) 759-2785 / 620-8301
ajg@mcvpr.com

**LCDO. EDGAR HERNÁNDEZ SÁNCHEZ**
TS Núm. 9908
PO Box 364966
San Juan, PR  00936-4966
Tel. (787) 767-9625
Fax (787) 622-2229
e_hernandez@cnrd.com

**LCDO. HÉCTOR M. LAFFITTE**
TS Núm. 1867
PO Box 364225
San Juan, PR  00936
Tel. (787) 250-5632 / 5618
Fax (787) 759-2785 / 620-8301
hml@mcvpr.com

**LCDO. ROBERT MILLAN SANTIAGO**
TS Núm. 8238
250 Calle San José
San Juan, Puerto Rico  00901
Tel./Fax: (787) 725-0946
rmi3183180@aol.com

**LCDO. LUIS E. PABÓN ROCA**
TS Núm. 11048
Fernández Juncos Station
P.O. Box 11397
San Juan, Puerto Rico  00910-2497
Tel. (787) 764-1800
Fax (787) 777-0737
ipabonroca@microjuris.com

16

**LCDO. IVÁN PASARELL JOVE**
TS Núm. 12692
P.O. Box 9021612
San Juan, Puerto Rico  00902-1612
Tel. (787) 647-4826
Fax (787) 722-5206
ipasarell@yahoo.com

**LCDO. HÉCTOR RIVERA CRUZ**
TS Núm. 4634
P.O. Box 9023954
San Juan, Puerto Rico  00902-3954
Tel. (787) 722-8825 / 722-8822
Fax (787) 723-1061
bufetehectorriveracruz@gmail.com

**LCDO. RAFAEL E. RIVERA SÁNCHEZ**
TS Núm. 14454
P.O. Box 191884
San Juan, Puerto Rico  00919-1884
Tel. (787) 528-2062
Fax (787) 728-5505
rafaelrivera.lawoffice@gmail.com

**LCDA. CLARISA SOLÁ GÓMEZ**
TS Núm. 1449
Fernández Juncos Station
P.O. Box 11397
San Juan, Puerto Rico  00910-2497
Tel. (787) 764-1800
Fax (787) 777-0737
facciopabonroca@microjuris.com

**U.S. DISTRICT COURT OF PUERTO RICO**
Federal Building
Chardon Avenue Suite 150
San Juan, Puerto Rico  00918-1767
Tel. (787) 772-3000
Fax (787) 772-3210

**LCDA. NORA VARGAS ACOSTA**
TS Núm. 7824
Edificio First Federal
1056 Avenida Muñoz Rivera Suite 1004
Río Piedras, Puerto Rico  00927-5026
Tel. (787) 751-7485 / 525-5514
Fax (787) 751-7485
nvargasacosta@onelinkpr.net

**LCDO. MICHAEL CRAIG MC CALL**
Alb. Building 400
16 Carr. 199
Guaynabo, Puerto Rico  00969
Tel. (787) 232-4530
Fax (787) 777-0737
michaelm@caribe.net

17

**LCDA. DAMARIS DELGADO VEGA**
ALB Plaza – Villa Clementina
16 Carr. 199 Ste. 400
Guaynabo, PR  00969-4712
Tel. (787) 474-5447
Fax (787) 474-5451
damarisd@caribe.net

**HON. GUSTAVO A. GELPI**
Clemente Ruiz Nazario U.S.
150 Carlos Chardon St.
San Juan, Puerto Rico  00918
Tel. (787) 772-3102
Fax (787) 977-6185
gustavo_gelpi@prd.uscourts.gov

**LCDO. PEDRO R. VÁZQUEZ III**
PMB 153 .
405 Esmeralda Ave. - Suite 2
Guaynabo, Puerto Rico  00969
Tel. (787) 925-4669
Fax (787) 789-3340
prvazquez@hotmail.com

**PAUL D. POLIDORO**
100 Watchtower Drive
Patterson, NY  12563
Tel. (845) 306-1000
Fax (845) 306-0709
ppolidor@jw.org.

En San Juan, Puerto Rico, a 23 de enero de 2014.

**AMARILIS RAMOS RODRÍGUEZ**
Procuradora General Auxiliar
T.S. Núm. 16,871
Departamento de Justicia
P. O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel.: (787) 721-2900, Ext. 2739,2743
Fax: (787) 724-3380
E-mail: amramos@justicia.pr.gov

/ms

18