# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF PUERTO RICO

**WATCHTOWER BIBLE TRACT SOCIETY OF NEW YORK, INC., et al.,**

   **Plaintiffs,**

   **v.**

**MUNICIPALITY OF SANTA ISABEL, et al.,**

   **Defendants.**

**CASE NO. 04-1452 (GAG)**

## TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiffs' application for a Temporary Restraining Order ("TRO") and/or Preliminary Injunction seeking enforcement of the First Circuit's ruling and this court's multiple orders granting Jehovah's Witnesses entry into controlled access urbanizations in Puerto Rico. See Docket No. 1496. It appears from the allegations in Plaintiffs' Verified Motion for Temporary Restraining Order and/or Preliminary Injunction that the Municipality of Gurabo is failing to guarantee the Witnesses' access to Urbanization Ciudad Jardin I ("Ciudad Jardin"). Id. The Municipality of Gurabo and Ciudad Jardin's denial of Jehovah's Witnesses access to its community in contravention to this court's orders hinders Plaintiffs' First Amendment right to engage in door-to-door public ministry.

1

**Civil No. 04-1452 (GAG)**

**I.    Standard of Review**

A TRO is an extraordinary remedy that should not be granted unless the movant proves the following elements: (1) the likelihood of success on the merits; (2) the potential for irreparable harm to the movant; (3) the balance of the movant's hardship if relief is denied versus the nonmovant's hardship if relief is granted; and (4) the effect of the decisions on the public interest. See Ross Simons of Wardwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996); Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). Likelihood of success is the touchstone of the preliminary injunction inquiry. See Ross Simons, 102 F.3d at 16; Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993).

**II.    Discussion**

Ciudad Jardin, a manned urbanization in the Municipality of Gurabo repeatedly refuses to permit Jehovah's Witnesses to enter its urbanization to engage in their door-to-door public ministry in violation of firmly establish federal law and this court's orders implementing the First Circuit's rulings and mandates.  The Municipality of Gurabo and Ciudad Jardin are both well aware of the governing precedent and this court's orders.  In as much, Gurabo Municipal Police has been ordered in the past to forcibly open Ciudad Jardin's gates as a result of its non-compliance. See Docket No. 1056.

According to Plaintiffs, Jehovah's Witnesses have been denied access to Ciudad Jardin on four occasions this year.  Plaintiffs attest to these facts by providing two declarations under penalty of perjury of two Jehovah's Witnesses that serve the congregation's matters in the Municipality of Gurabo. See Docket Nos. 1496-10 & 1496-11.  As a result, Plaintiffs request

2

that the court issue a Temporary Restraining Order and/or Preliminary Injunction enjoining the Municipality of Gurabo and Ciudad Jardin to provide Plaintiffs' access to the urbanization.

Counsel has indicated that requisite notice by Plaintiffs to Defendant Municipality of Gurabo has been completed by informing Gurabo's counsel. Plaintiffs represent that Gurabo's counsel informed them that he had, not only furnished Ciudad Jardin's attorney copies of the motions filed by Plaintiffs and Gurabo on March 23, 2015 and this Court's March 24, 2015, order. See Docket Nos. 1489, 1490, 1491, 1493, but also urged Ciudad Jardin to come into compliance before Plaintiffs filed their Motion for a Temporary Restraining Order and/or Preliminary Injunction. The Court therefore finds that Ciudad Jardin is on constructive notice that Plaintiffs would be filing this motion. Moreover, Plaintiffs and the Municipality of Gurabo have informed the court of the measures taken to inform Ciudad Jardin and its legal representatives of this matter. See Docket Nos. 1497 & 1499.

Moreover, since it appears that Plaintiffs will suffer immediate and irreparable injury before their claim can be heard at a preliminary injunction hearing, the court hereby ORDERS that:

    a. Pending the preliminary injunction hearing and until further order of the Court, **Defendant Municipality of Gurabo and Urbanization Ciudad Jardin I and their officers, agents, servants, employees, guards, security officers and any other persons in active concert and participation with them are hereby ordered to provide Jehovah's Witnesses immediate unfettered access to Ciudad Jardín I.  This includes, if necessary, forcibly removing the gates and/or putting chains on the same to guarantee Jehovah's Witnesses access.**

**Civil No. 04-1452 (GAG)**

b. A hearing on Plaintiffs request to convert this TRO to a Preliminary Injunction will be held on **Tuesday, April 7th at 1:00 p.m. at the Old San Juan Courthouse, Courtroom 6.**

c. Since this case involves Plaintiffs' First Amendment rights and enforcement of orders that have already been adjudicated in Plaintiffs' favor, the Court in its discretion waives the posting of a bond. See Crowley v. Local No. 82, Furniture & Paino Moving, 679 F.2d 978, 1000 (1st Cir. 1982), rev'd on other grounds, 467 U.S. 526 (1984) (First Circuit recognition that district court has discretion to waive security bond requirement in "suits to enforce important federal rights or public interests.")

d. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, on two days' notice to Plaintiffs, Defendants may appear and move for the dissolution or modification of this TRO.

e. This TRO will expire on Wednesday, April 15, 2015, unless within such time this order is extended for good cause shown and/or Defendants consent to an extension.

f. Plaintiffs shall serve personally upon a Ciudad Jardin's representative no later than Friday, March 27, 2015, at 4:00 p.m. a copy of the Motion for a Temporary Restraining Order and Preliminary Injunction, as well as the instant order. Defendant Municipality of Gurabo is notified of this Motion and Order through counsel of record. Plaintiffs shall thereafter notify the court via informative motion.

g.  Lastly, it is the court's desire that this matter be resolved between the parties. Thus, the parties are encouraged to engage in discussion and negotiations before the preliminary injunction hearing to find a permanent solution to this issue. The Municipality of Guaynabo's efforts in having Ciudad Jardin comply with the law have not gone unnoticed.

**SO ORDERED.**

In San Juan, Puerto Rico this 25th day of March, 2015.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI

United States District Judge